IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA URIOSTE,

       Plaintiff,

vs.                                         No. CV 16-00755 JCH/KRS

CORIZON AND CENTURION HEALTH CARE PROVIDERS,
JOSE MARTINEZ, M.D., BEN MARTINEZ, P.A.,
GERMAN FRANKO, WARDEN, C. OLIVAS, DEPUTY
WARDEN, MICHELLE BOYER, GRIEFANCE OFFICER,
GREGG MERCANTELL, SECRETARY OF CORRECTIONS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Complaint filed by Plaintiff, Joshua Urioste (Doc. 1). The Complaint fails to state a claim on which relief can be granted. The Court will be dismiss the Complaint without prejudice and grant leave to file an amended complaint within thirty (30) days.

## Factual and Procedural Background

Plaintiff Joshua Urioste filed his Complaint against all Defendants on June 29, 2016. (Doc. 1). Urioste also sought leave to proceed "without paying filing fees or costs." (Doc. 2). After being ordered to cure deficiencies in his motion to proceed, Urioste filed an amended application to proceed without prepayment of fees or costs under 28 U.S.C. § 1915. (Doc. 4, 6). The Court then granted Plaintiff Urioste leave to proceed *in forma pauperis* under § 1915. (Doc. 9).

1

Plaintiff Urioste is proceeding under 42 U.S.C. § 1983. (Doc. 1 at 6). He describes the nature of his case as "[d]enial of medical attention and care for Plaintiff's medical issues." (Doc. 1 at 2). Urioste claims Defendants subjected the Plaintiff "to needless pain and suffering and thus denying the Plaintiff his right to seek and obtain medical care for his issues, and thus denying the plaintiff equal protection under the law and due process." (Doc. 1 at 4). He seeks declaratory and injunctive relief, compensatory damages in the amount of $75,000 against each Defendant, and punitive damages up to $250,000 to deter future practices. (Doc. 1 at 8-9).

**Dismissals for Failure to State a Claim**

Plaintiff Urioste is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2) The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would

also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### **Analysis of the Plaintiff's Claims**

Plaintiff Urioste's claims are brought under 32 U.S.C. § 1983. The exclusive remedy for vindication of constitutional violations is under § 1983. *See*, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Urioste appears to allege claims under 42 U.S.C. § 1983 for violation of constitutional

4

rights under the 8th and 14th Amendments. (Doc. 1 at 2-4). He claims his rights to equal protection and to be free from cruel and unusual punishment have been violated by alleged indifference to serious medical needs. (Doc. 1 at 2-8). The Eighth Amendment protects against the infliction of cruel and unusual punishments. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir.2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of whether it is evidenced by conduct of prison medical officials or prison guards, deliberate indifference to a prisoner's serious illness or injury may state a cause of action under § 1983. *Estelle,* 429 U.S. at 104-05.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component. *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005). For purposes of this Memorandum Opinion, the Court treats the allegations as sufficient to establish the first prong

that Urioste has a serious medical need. (Doc. 1 at 2-4).

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal citation and quotation omitted). With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir.2009) (quoting *Mata*, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. *Howard*, 534 F.3d at 1239–40.

However, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Howard*, 534 F.3d at 1239 (quoting *Farmer*, 511 U.S. at 844–45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment. *See Estelle*, *supra*, 429 U.S. at 105-06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir.2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of

treatment does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).

1. **Claims Against Ben Martinez, P.A.:**

Urioste names Defendant Ben Martinez as a Defendant and alleges:

"Plaintiff continued to protest and ask for treatment for pain and nausea. The Plaintiff has put in over 20 requests to facility provider Ben Martinez and facility medical staff through sick call process and verbal request but Plaintiff was ignored . . . facility provider Ben Martinez failure to act contribute to the Plaintiff being put at risk of further injury and the Plaintiffs being very sick and suffering. Eventually the Plaintiff was scheduled to see facility provider Ben Martinez P.A., who also did not take the Plaintiff's medical issues seriously and merely said the Plaintiff was scheduled or would be scheduled for surgery to remove the gallbladder . . . Ben Martinez P.A. also acts deliberately indifferent to the Plaintiff's medical needs, and has done nothing to treat the Plaintiff's medical issues/ symptoms ie pain, nausea, ect. thus denying the Plaintiff equal opportunities and protection under the law."

(Doc. 1 at 4-5). For the most part, Plaintiff Urioste makes only vague and generalized allegations against Defendant Ben Martinez. He does not state what specific acts P.A. Martinez engaged in or how those acts caused, or contributed to cause, a violation of Urioste's constitutional rights. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50.

To the extent Urioste is contending his Eighth Amendment right to adequate medical care have been violated, his one specific allegation that P.A. Martinez "merely said the Plaintiff was scheduled or would be scheduled for surgery to remove the gallbladder" does not state an Eighth Amendment claim for relief. Urioste's allegation does not show that P.A. Martinez knew of a substantial risk to Urioste's health or safety and deliberately or recklessly chose to ignore that risk. *Martinez v. Beggs*, 563 F.3d at 1089. The Complaint does not state a factually plausible claim for § 1983 relief on its face. *Twombly,* 550 U.S. at 570.

2. **Claims Against Jose Martinez, M.D.:**

7

Plaintiff Urioste names Jose Martinez, M.D. as a Defendant in the Complaint. (Doc. 1 at 1). The only allegations in the Complaint that mention Dr. Martinez state "Dr. Jose Martinez . . . failure to act contribute to the Plaintiff being put at risk of further injury and the Plaintiff being sick and suffering." (Doc. 1 at 4). The Complaint's vague allegations do not identify any specific act or acts by Dr. Martinez, or explain how any conduct by Dr. Martinez actually resulted in a constitutional deprivation of medical care by Dr. Martinez. *Ashcroft v. Iqbal,* 556 U.S. at 676. Nor does the Complaint factually show any culpable, deliberate, indifference on Dr. Martinez's part to Urioste's medical needs. *Martinez v. Beggs*, 563 F.3d at 1089. The Complaint does not state any plausible claim for relief against Jose Martinez, M.D. under Section 1983. *Estelle,* 429 U.S. at 104-05.

  **3. Corizon and Centurion Health Care Providers:**

Urioste's Complaint names Corizon and Centurion Health Care Providers as Defendants and appears to allege that Defendant Jose Martinez is a medical doctor associated with Corizon and Centurion. (Doc. 1 at 1). The Complaint is devoid of any other allegations against Defendants Corizon and Centurion.

Urioste appears to be attempting to hold private corporations Corizon and Centurion vicariously liable for the actions of their employee under 42 U.S.C. § 1983. Where, as in this case, a corporate entity is performing the actions typically performed by a state or municipality, like operating a prison, that corporate entity can be sued under § 1983. *Richardson v. McKnight*, 521 U.S. 399, 413 (1997) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982) ) (leaving the determination of whether the employees of a private corporation acted under color of state law in violation of § 1983 to the district court); *Smith v. Cochran*, 339 F.3d 1205, 1215-16 (10th Cir. 2003) (citations omitted) ("[P]ersons to whom the state delegates its penological functions, which

include the custody and supervision of prisoners, can be held liable for violations of the Eighth Amendment."). However, to succeed in a § 1983 action against a corporate entity, the plaintiff must prove that the corporate employee or agent committed a constitutional violation and that the violation was a direct result of some policy or custom of the corporation. . *Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690-95 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (citations omitted) ("[C]aselaw from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants.").

In this case, the allegations of the Complaint are factually insufficient to show that Dr. Martinez individually engaged in conduct that violated a constitutional right. Further, nowhere in his Complaint does Plaintiff Urioste contend that any policy or custom of Corizon or Centurion was a direct cause or a moving force behind any violation of Urioste's civil rights. *Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs*, 151 F.3d at 1316. The Complaint does not state a claim for § 1983 relief against Defendant Corizon or Defendant Centurion. *Monell*, 436 U.S. at 690-695.

### 4. Allegations Against German Franko, Warden and C. Olivas, Deputy Warden:

Plaintiff Urioste identifies Warden German Franko and Deputy Warden C. Olivas as Defendants. (Doc. 1 at 1). He alleges:

> "Furthermore, the Plaintiff began writing and filing complaints
> to the facility wardens, German Franko and Deputy Warden
> C. Olivas, who have ignored these letters and complaints against
> denial to treat and care. Thus German Franko and C. Olivas
> act with deliberate indifference to Plaintiff's medical needs. Their
> failure to intervien allow the extreme pain to continue."

(Doc. 1 at 5). Plaintiff Urioste's allegations are not specific as to when grievances or letters were written, what information was included in the grievances or letters, who ignored the letters and grievances, and how ignoring letters or grievances resulted in a violation of constitutional rights. The Complaint fails to "make clear exactly who is alleged to have done what to whom. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The Complain is factually insufficient to state any claim for relief that is plausible on its face against Defendants Franko and Olivas. *Twombly,* 550 U.S. at 570.

**5. Claims Against Gregg Marcantell, Secretary of Corrections:**

Plaintiff Urioste names Gregg Marcantell, Secretary of Corrections for the State of New Mexico, as a Defendant. (Doc. 1 at 1, 2). In his Complaint, Urioste alleges:

> "The Plaintiff also petitioned the the (sic) grievance dept. under a
> Emergency Medical Grievance, which by policy should be responded
> to within 24 hours. . .
> Appeals to Secretary of Corrections Gregg Marcantell have also gone ignored."

(Doc. 1 at 5-6).

At the time the Complaint was filed, Gregg Marcantell was the Secretary of the New Mexico Department of Corrections, an agency of the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v.Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). The rule that state agencies cannot be sued under § 1983 also applies to claims against state officials in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. at 67, 71. Urioste does

not specify, but to the extent he sues Secretary Marcantell in his official capacity, Marcantell cannot be held liable under § 1983.

Further, to the extent Plaintiff Urioste sues him in his individual capacity, the Complaint does not state a claim for individual § 1983 liability. Urioste's generalized allegation that "[a]ppeals to Secretary of Corrections Gregg Marcantell have also gone ignored" does not specify individualized conduct by Secretary Marcantell nor does it identify how any conduct by Marcantell resulted in a violation of Urioste's constitutional right. *Ashcroft v. Iqbal,* 556 U.S. at 676. Last, even assuming that Urioste alleged an Eighth Amendment violation, his allegations do not show that Marcantell actually knew Urioste faced a substantial risk of harm and culpably disregarded that risk. *Hunt v. Uphoff*, 199 F.3d at 1224. Urioste's Complaint fails to state a § 1983 claim for relief against Defendant Gregg Marcantell. *Ashcroft v. Iqbal,* 556 U.S. at 676.

**6. Claims Against Michelle Boyer, Grievance Officer:**

Last, Grievance Officer Michelle Boyer is named as a Defendant in Urioste's Complaint. (Doc. 1 at 1). The Complaint alleges "Grievance Officer Michelle Boyer also ignored complaints and grievances filed and fails to intervien thus acting deliberately indifferent and contributing to the Plaintiff's extreme pain and suffering and placing the Plaintiff at risk of further injury." (Doc. 1 at 5). Plaintiff Urioste's allegations, again, do not specifically identify when grievances or complaints were submitted to Defendant Boyer, what information was included in the grievances or complaints, and how ignoring letters or complaints resulted in a violation of constitutional rights. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Nor does the Complaint factually establish that the Defendant Boyer know Urioste faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d at 1224. The Complain

is insufficient to state any claim for relief that is plausible on its face against Defendant Boyer. *Twombly,* 550 U.S. at 570.

## **The Court Will Grant Leave to Amend**

Urioste's Complaint makes generalized allegations against several defendants and against unspecified groups such as "facility medical staff." (Doc. 1 at 4). As a result, the Complaint fails to state a sufficient claim for relief under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Court will Urioste grant an opportunity to amend to remedy the defects in his pleading. *Hall v. Bellmon,* 935 F.2d at 1109. However, the Court cautions Urioste that any claim against an individual defendant must contain specific factual allegations identifying who each individual is, what that individual did, and how that individual's actions deprived Urioste of a constitutional right. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Generalized and conclusory statements are not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555. In order to state a claim against corporate defendants, Urioste must establish that, in addition to conduct by an employee or agent of the defendant in violation of the Constitution, that a policy or custom of the defendant was a direct cause or moving force for the constitutional violation.

The Court will Order Urioste to amend the Complaint to allege any claims he believes he may have against Corizon, Centurion, or any individual defendant, consistent with the requirements of Fed.R.Civ.P. 11(b) and this Memorandum Opinion and Order. Urioste must file his amended complaint within 30 days of entry of this Memorandum Opinion and Order. Failure to file an amended complaint within that time may result in final dismissal of this action without further notice.

**IT IS ORDERED:**

(1) the Complaint filed by Plaintiff Joshua Urioste (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted; and

(2) Plaintiff Urioste is granted leave to file an amended complaint within 30 days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE