# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOSHUA URIOSTE,

      Plaintiff,

vs.                                                                                        No. CV 16-00755 JCH/KRS

CORIZON AND CENTURION HEALTH CARE PROVIDERS,
JOSE MARTINEZ, M.D., BEN MARTINEZ, P.A.,
GERMAN FRANKO, WARDEN, C. OLIVAS, DEPUTY
WARDEN, MICHELLE BOYER, GRIEFANCE OFFICER,
GREGG MERCANTELL, SECRETARY OF CORRECTIONS,
C.O. TRUJILLO, C.O. PEREZ, C.O. PALOMINO, UNIT
MANAGER OSCAR TRVISO, C.O. CORDOVA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A on the Amended Complaint filed by Plaintiff, Joshua Urioste, on March 15, 2019. (Doc. 24). As is set out, below, the Court will dismiss certain claims and parties and will order issuance of notice and waiver of service forms directed to the remaining Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Joshua Urioste filed his prisoner civil rights Complaint against all Defendants under 42 U.S.C. § 1983. (Doc. 1). Urioste also sought leave to proceed "without paying filing fees or costs." (Doc. 2). After being ordered to cure deficiencies in his motion to proceed, Urioste filed an amended application to proceed without prepayment of fees or costs under 28 U.S.C. § 1915. (Doc. 4, 6). The Court then granted Plaintiff Urioste leave to proceed *in forma pauperis* under § 1915. (Doc. 9).

Plaintiff Urioste is proceeding under 42 U.S.C. § 1983. (Doc. 1 at 6). In his Complaint, he described the nature of his case as "[d]enial of medical attention and care for Plaintiff's medical issues." (Doc. 1 at 2). Urioste claimed Defendants subjected the Plaintiff "to needless pain and suffering and thus denying the Plaintiff his right to seek and obtain medical care for his issues, and thus denying the plaintiff equal protection under the law and due process." (Doc. 1 at 4). He sought declaratory and injunctive relief, compensatory damages in the amount of $75,000 against each Defendant, and punitive damages up to $250,000 to deter future practices. (Doc. 1 at 8-9).

On January 18, 2019, the Court entered its Memorandum Opinion and Order dismissing Urioste's claims with leave to file an amended complaint. (Doc. 22). The Court concluded Urioste's Complaint made only generalized allegations against several defendants and against unspecified groups such as "facility medical staff." (Doc. 1 at 4). As a result, the Complaint failed to state a sufficient claim for relief under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Court granted Urioste an opportunity to amend to remedy the defects in his pleading within 30 days. *Hall v. Bellmon,* 935 F.2d at 1109. (Doc. 22 at 12-13).

Urioste filed his Amended Complaint on March 15, 2019. (Doc. 24). The Amended Complaint was not received by the Court within the 30-day time period ordered by the Court. However, Urioste provided evidence to the Court showing that he mailed his Amended Complaint to the Court within the 30-day deadline, but the mailing was returned to him for unknown reasons, requiring him to re-submit it. (Doc. 23, 24). The Court will accept Urioste's Amended Complaint as timely filed.

In his Amended Complaint, Urioste names the same Defendants as his original Complaint and adds claims against additional correctional officers. (Doc. 24 at 1, 2). The Amended Complaint contains sufficient factual allegations against some Defendants, but still fails to state a

claim for relief against other Defendants. Therefore, the Court will dismiss some of the Defendants as parties to this proceeding and will order issuance of notice and waiver of service forms for the remaining Defendants.

## THE LAW REGARDING FAILURE TO STATE A CLAIM

Plaintiff Urioste is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint, in whole or in part, *sua sponte* for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). The court may dismiss a complaint for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead,

3

may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

## ANALYSIS OF PLAINTIFF URIOSTE'S AMENDED CLAIMS

**A. Claims Against Gregg Marcantell, Secretary of Corrections:**

Plaintiff Urioste again names Gregg Marcantell, Secretary of Corrections for the State of New Mexico, as a Defendant.[1] (Doc. 1 at 1, 2). In his Amended Complaint, Urioste alleges:

> "Defendant Gregg Marcantell, Secretary of Corrections for the State of New Mexico. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the Penitentary of New Mexico which is where the incidents giving rise to this complaint occured." (Doc. 24 at 2).
>
> "On March 28, 2016, the Plaintiff wrote Secretary of Corrections Gregg Marcantell describing the need for surgery for gallstones and symptoms of this illness, pleading with the Secretary to send him for treatment if medical would not treat the symptoms. This letter was not answered. On May 24, 2016, the Plaintiff again appealed to the Secretary of Corrections for medical treatment, telling him the pain was getting worse, and describing all the Plaintiff efforts to recieve medical treatment through Sick Call and institution grievance process that were being ignored. The Plaintiff received no response to this appeal. The Secretary of Corrections Gregg Marcantell's failed to respond to the Plaintiff letters and appeals thus acting deliberately indifferent and contributing to the

---

[1] The correct spelling of the Secretary's last name is "Marcantel." For purposes of this Memorandum Opinion and Order, the Court uses the incorrect spelling employed by Plaintiff in his Amended Complaint.

4

> Plaintiffs extreme pain and suffering and placing the Plaintiff at risk of further injury." (Doc. 24 at 19) (errors in the original).

At the time of the alleged events, Gregg Marcantell was the Secretary of the New Mexico Department of Corrections, an agency of the State of New Mexico. As the Court previously ruled, the State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Section 1983 does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). The rule that state agencies cannot be sued under § 1983 also applies to claims against state officials in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. at 67, 71. Urioste's Amended Complaint still does not specify whether he is suing Defendant Marcantell in his official or individual capacity. However, to the extent he sues Secretary Marcantell in his official capacity, Marcantell is not a "person" and cannot be sued under § 1983.

Further, to the extent Plaintiff Urioste sues Secretary Marcantell in his individual capacity, the Complaint does not state a claim for individual § 1983 liability. Urioste's generalized allegations that "He is legally responsible for the overall operation of the Department " and "failed to respond to the Plaintiff letters and appeals" does not specify individualized, culpable, conduct by Secretary Marcantell nor does it identify how any conduct by Marcantell constituting participation in or a deliberate refusal by Marcantell to provide medical care in a violation of Urioste's constitutional right. *Ashcroft v. Iqbal,* 556 U.S. at 676. Urioste's Amended Complaint fails to state a § 1983 claim for relief against Defendant Gregg Marcantell and the claims against Secretary Marcantell will be dismissed with prejudice. *Ashcroft v. Iqbal,* 556 U.S. at 676.

**Claims Against Corizon and Centurion:**

Urioste's Amended Complaint also continues to name Corizon and Centurion Health Care Providers as Defendants. (Doc. 24 at 1). The Amended Complaint indicates that Defendant Jose Martinez, M.D., is a Centurion health care provider. (Doc. 24 at 7-8). The Amended Complaint is devoid of any other allegations against Defendants Corizon and Centurion.

Urioste seeks to hold private corporations Corizon and Centurion vicariously liable for the actions of their employee under 42 U.S.C. § 1983. Where, as in this case, a corporate entity is performing the actions typically performed by a state or municipality, like operating a prison, that corporate entity can be sued under § 1983. *Richardson v. McKnight*, 521 U.S. 399, 413 (1997) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982) ) (leaving the determination of whether the employees of a private corporation acted under color of state law in violation of § 1983 to the district court); *Smith v. Cochran*, 339 F.3d 1205, 1215-16 (10th Cir. 2003) (citations omitted) ("[P]ersons to whom the state delegates its penological functions, which include the custody and supervision of prisoners, can be held liable for violations of the Eighth Amendment."). However, to succeed in a § 1983 action against a corporate entity, the plaintiff must prove that the corporate employee or agent committed a constitutional violation and that the violation was a direct result of some policy or custom of the corporation. *Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690-95 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (citations omitted) ("[C]aselaw from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants.").

In this case, Plaintiff Urioste does not contend that any policy or custom of Corizon or Centurion was a direct cause or a moving force behind any violation of Urioste's civil rights.

*Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs*, 151 F.3d at 1316. As with the original Complaint, Urioste's Amended Complaint does not contain any factual allegations relating to Corizon and the only allegation regarding Centurion is that Dr. Martinez is claimed to be a Centurion health care provider. (Doc. 24 at 7-8). The Amended Complaint does not state a claim for § 1983 relief against Defendant Corizon or Defendant Centurion and the Court will dismiss Corizon and Centurion. *Monell*, 436 U.S. at 690-695.

**The Court Will Dismiss Plaintiff's Claims for Injunctive Relief:**

Plaintiff Urioste's Amended Complaint includes claims for preliminary and permanent injunctive relief. His Amended Complaint seeks relief, including:

> "preliminary and permanent injunction ordering defendant(s) to stop their unwillingness to intervien and/or stop their failure to provide medical care when issues are brought before them. Also that defendants be ordered to change their medical practices—as there are many others who go through similar situations—to prevent further damage to the Plaintiff. And defendant(s) be ordered to provide medical treatment and competent medical care for the Plaintiffs medical issues. And that the Plaintiff be examined and treated for possible liver damage and Hep C."

(Doc. 24 at 25) (errors in the original).

A prisoner plaintiff may not maintain § 1983 claims for temporary, preliminary, or permanent injunctive relief based on conditions of incarceration if the plaintiff is no longer housed at the facility. *See Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir.1997); *White v. State,* 82 F.3d 364, 366 (10th Cir.1996). Once a prisoner is released from the prison facility, injunctive relief would have no effect on defendants' behavior and, therefore, injunctive relief is moot. *Green,* 108 F.3d at 1300; *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). The rule that injunctive relief becomes moot applies both where the prisoner is released from prison and where

the prisoner is transferred to a different prison facility. *See Love v. Summit County,* 776 F.2d 908, 910 n. 4, 912 (10th Cir.1985).

Plaintiff's Amended Complaint establishes that Plaintiff has been transferred and is no longer housed at PNM. (Doc. at 1-2). Therefore, he is no longer subject to the conditions he alleges as the basis of his Amended Complaint, and any order for injunctive relief directed against the PNM Defendants would have no effect. *Green,* 108 F.3d at 1300. Plaintiff's claims for temporary, preliminary, and permanent injunctive relief are moot and, under the § 1915(e)(2)(B) standard, no longer state a claim for relief. *Abdulhaseeb*, 600 F.3d at 1311. The claims for injunctive relief in Plaintiff's Amended Complaint will be dismissed. However, the transfer to a different facility does not moot Plaintiff's claims for damages. *Green,* 108 F.3d at 1300. This dismissal of his claims for injunctive relief is without prejudice to Plaintiff's claims for damages.

**The Court Will Order Issuance of Notice and Waiver Forms for the Remaining Defendants.**

Plaintiff Joshua Urioste filed his pro se civil rights Amended Complaint on March 15, 2019. (Doc. 24). The Court has granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 9). The Court has screened the Complaint as required by 28 U.S.C. § 1915A and determined that, other than the claims dismissed by this Memorandum Opinion and Order, the remaining claims in Plaintiff's Amended Complaint survive initial screening. Therefore, the Court will order issuance of notice and waiver service forms for the remaining Defendants.

**IT IS ORDERED:**

**(1)** All claims against Secretary of Corrections, Gregg Marcantell, Defendant Corizon, and Defendant Centurion Health Care Providers, are **DISMISSED** with prejudice and Secretary Marcantell, Corizon, and Centurion, are **DISMISSED** as parties to this proceeding;

**(2)** All claims for preliminary and permanent injunctive relief in Plaintiff Urioste's Amended Complaint are **DISMISSED** as moot and without prejudice to Plaintiff's remaining claims for damages; and

**(3)** the Clerk is **DIRECTED** to issue notice and waiver of service forms, with a copy of the Amended Complaint (Doc. 24) and this Memorandum Opinion and Order, for Defendants Jose Martinez, M.D., Ben Martinez, P.A., Warden German Franko, Deputy Warden C. Olivas, Grievance Officer Michelle Boyer, C.O. Trujillo, C.O. Perez, C.O. Palomino, Unit Manager Oscar Treviso, and C.O. Cordova, at Penitentiary of New Mexico, P.O. Box 1059, 4311 State H.W. 14, Santa Fe, New Mexico 87504.

_____
SENIOR UNITED STATES DISTRICT JUDGE