# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOSHUA URIOSTE,

    Plaintiff,

v.

                                                                              No. 1:16-cv-00755-JCH-KRS

CORIZON and CENTURION HEALTH
CARE PROVIDERS, *et al.,*

    Defendants.

## ORDER FOR *MARTINEZ* REPORT

**THIS MATTER** comes before the Court *sua sponte*. On January 8, 2020, the Court completed its screening function and determined that Plaintiff's amended complaint stated a claim under 42 U.S.C. § 1983 for relief against all Defendants arising from the alleged denial of medical care except for Corizon and Centurion Health Care Providers and Gregg Marcantell. (Doc. 26). Since the Court's screening, most Defendants have entered the case. While the Court will direct the United States Marshal to serve the remaining Defendants by separate order, there is no need to delay the case further while that process unfolds.

In a *pro se* prisoner civil rights case, the Court may order the defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether meritorious claims exist. *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978). The Court may use a *Martinez* Report in a variety of contexts, including to decide motions for summary judgment or to *sua sponte* enter summary judgment. *See Hall v. Bellmon*, 935 F.2d 1106, 1111-12 (10th Cir. 1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). When a *Martinez* report is used for summary judgment purposes, however, a *pro se* plaintiff must be afforded an opportunity to

present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109. To that end, Defendants should submit all materials they consider relevant to Plaintiff's claims and defenses in addition to what the Court orders below. Plaintiff shall do the same in his response.

**IT IS, THEREFORE, ORDERED** that Defendants file a *Martinez* Report on or before **April 13, 2020** as specified below:

1. Defendants' *Martinez* Report must address in a written brief all allegations against each Defendant as well as any defenses Defendants wish to pursue. Defendants shall also include as attachments any affidavits or documents relevant to any allegation or defense. The submission of documents without a brief is *not* compliance with this Order.

2. Allegations and defenses must be supported by factual assertions in the brief, which, in turn, must be supported by proof, such as affidavits or documents that are to be included as attachments.

3. The brief must also state whether policies or regulations pertaining to Plaintiff's allegations exist, and, if so, the relevant policies or regulations must also be included as attachments.

4. Copies of all affidavits and documents included as attachments should be arranged in a logical order and be Bates-stamped or otherwise be clearly serially marked. Defendants must also provide affidavits to properly authenticate submitted documents.

5. The Court is aware that materials contained in Defendants' files may be sensitive and that there may be valid reasons for restricting access to such information. Defendants may move to seal confidential portions of documents submitted with the *Martinez* Report and provide a redacted version of the Report to Plaintiff. If Defendants seek to seal or redact

any portion of their Report, they must file a motion to seal at least fourteen (14) days before the *Martinez* Report deadline. The motion shall describe with specificity the type of documents Defendants wish to seal and shall assert the reasons for nondisclosure.

6. Should Defendants choose to file a motion for summary judgment concurrently with their *Martinez* Report, that motion shall be filed separate and apart from the Report and must comply with the applicable federal and local rules of procedure, with the following caveat: rather than file attachments to a motion for summary judgment in support of the factual assertions therein, Defendants shall instead cite to the *Martinez* Report. The Report itself, however, need not adhere to the page limitation on exhibits concerning motions for summary judgment set forth in the Local Rules. Defendants must provide citations supporting their assertions with specificity. At the very least, Defendants should direct Plaintiff and the Court to the specific page or pages supporting an assertion.

**IT IS FURTHER ORDERED** that Plaintiff shall file his response to the facts contained within Defendants' *Martinez* Report on or before **May 13, 2020**. If Defendants file a motion for summary judgment, Plaintiff must file a separate response within thirty days. Defendants shall file their reply, if any, to a motion for summary judgment within fourteen days of Plaintiff's response. Defendants need not file a reply to Plaintiff's Response to the *Martinez* Report.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE