IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA URIOSTE,

        Plaintiff,

                                                                                             No. 1:16-cv-00755-JCH-KRS

v.

GERMAN FRANKO, et al.,

        Defendants.

## ORDER ON PENDING MOTIONS

**THIS MATTER** comes before the Court on several motions from the parties: two motions amend the complaint (Docs. 38 & 52); two motions to extend time (Docs. 50 & 56); a motion to appoint counsel (Doc 49); a motion to stay (Doc. 57); and a motion to supplement (Doc. 58). In his first motion to amend, Plaintiff explains he erroneously named Oscar Treviso as a Defendant where he meant to name Gary Maciel. As for the second motion, Plaintiff would like to add language to his complaint clarifying that he is suing all defendants in their individual and official capacities. Defendants do not oppose the motions to amend. Because of Federal Rule of Civil Procedure 15's liberal policy favoring amendment and Defendants' failure to object, the Court grants Plaintiff's two requests. *See* Fed. R. Civ. P. 15(a).

In the motions to extend, Plaintiff seeks additional time to respond to Defendants' *Martinez* report. Plaintiff has now filed his response, and his two motions for an extension are moot. Plaintiff also moves for appointment of an attorney. But federal courts generally lack the authority to appoint counsel to represent indigent prisoners in most civil cases. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). The Court may pursuant to 28 U.S.C. § 1915(e)(1) request the voluntary assistance of counsel in exceptional circumstances. The prisoner, however, must show that the merits of his claims, the nature of the factual issues raised

in the claims, his ability to present his claims, and the complexity of the legal issues raised by the claims are such that the prisoner cannot present his case.  *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Other than point to the fact of incarceration and insist his case is complex, Plaintiff does not demonstrate why counsel is justified this case.

Having reviewed Plaintiff's response to their *Martinez* report, Defendants ask the Court for permission to file a reply. To date, Plaintiff has not opposed Defendants' request and Plaintiff raises numerous issues in his filings to warrant a reply.  Further, judicial economy favors staying discovery until Plaintiff files his amended complaint and the record is fully developed by way of a reply.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to amend complaint (Docs. 38 & 52) are **GRANTED**.  Plaintiff shall file, on or before **August 7, 2020**, a second amended complaint on that omits Defendant Treviso, adds Defendant Maciel, and excludes the claims and parties the Court dismissed in its January 18, 2019 Memorandum Opinion and Order. (Doc. 22).

**IT IS FURTHER ORDERED** that Plaintiff's motions to extend (Docs. 50 & 56) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 38) is **DENIED**.

**IT IS FURTHER ORDER** that Defendants' motions to stay and supplement (Docs. 57 & 58) are **GRANTED**.  Defendants shall file their reply in support of the *Martinez* report on or before **July 21, 2020**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE