IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA URIOSTE,

    Plaintiff,

    vs.                              No. 1:16-CV-00755-JCH-KRS

CORIZON AND CENTURION
HEALTH CARE PROVIDERS, et al.,

    Defendants.

## ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING

THIS MATTER is before the Court upon Joshua Urioste's Motion for Leave to File a Supplemental Complaint. (Doc. 64). As grounds, Urioste states that he seeks to add new First and Fourteenth Amendment claims "to reflect events since [his] transfer back" to the North Facility at the Penitentiary of New Mexico "[a]nd to add additional parties" to this action. (*See id.*). Urioste's proposed new claims appear to allege improper punishment, damage to personal property, failure to adequately respond to grievances, unspecified "harassment and retaliation," withholding of mail, and restriction of information concerning "key witnesses" in this lawsuit and his criminal case. (*See id.*). Urioste's motion is not accompanied by a proposed supplemental complaint.

Under the Court's Local Rules, "[a] proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1. The heading to Local Rule 15.1 makes clear that this rule applies to supplemental pleadings under Fed. R. Civ. P. 15(d) as well as amendments under Rule 15(a). *See id.* This rule takes on added salience in civil actions brought by prisoners against governmental entities, officers, or employees, given the Court's obligation to screen the pleadings in such cases for frivolity, malice, or failure to state a claim. *See* 28 U.S.C.

§ 1915A(a)-(b). Although a pro se party's pleadings must be construed liberally, "[t]his liberal treatment is not without limits, and '[the Tenth Circuit] has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)); *see also White v. City of Albuquerque*, No. 12-cv-0988 MV/KBM, 2015 WL 12915580, at *1 (D.N.M. Jan. 9, 2015) (quoting *Keeher v. Dunn*, 409 F. Supp. 2d 1266, 1270 (D. Kan. 2005) ("*Pro se* litigants must follow rules of procedure, including local rules.")). Because Urioste's motion to supplement his complaint does not include a proposed supplemental complaint,[1] his motion will be denied.

IT IS THEREFORE ORDERED that Joshua Urioste's Motion for Leave to File a Supplemental Complaint (Doc. 64) is DENIED without prejudice.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court has previously overlooked the requirements of Rule 15.1 when permitting Urioste to amend his complaint, largely because Urioste was clear and specific about the very limited changes he wished to make to his pleading. (*See* Doc. 60) (granting motions to amend complaint for limited purpose of substituting Defendants, specifying the capacity in which Defendants were sued, and excluding previously dismissed claims and parties). But as will be discussed in more detail in the undersigned's forthcoming Proposed Findings and Recommended Disposition, the amended pleading subsequently filed by Urioste exceeded the scope of amendments permitted by the Court in significant ways. It is therefore clear that Urioste must be held to Local Rule 15.1 in order to ensure that any future amended pleadings, if allowed, do not exceed the scope of permitted amendment.