IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA URIOSTE,

        Plaintiff,

    vs.                                                               No. 1:16-CV-00755-JCH-KRS

CORIZON AND CENTURION
HEALTH CARE PROVIDERS, et al.,

        Defendants.

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Joshua Urioste's third motion seeking the appointment of counsel. (Doc. 90). The Court has previously denied Urioste's earlier motions requesting the same relief. (*See* Doc. 15) (denying Doc. 7); (Doc. 60) (denying Doc. 49). As grounds for the instant motion, Urioste claims that the issues in this case are complex, that he has "limited access to the law library" at his prison facility, and that he is not receiving court filings in the mail in a timely fashion. (Doc. 90 at 1).

Plaintiffs have no Sixth Amendment right to counsel in civil cases, and the decision whether to grant assistance of counsel to a pro se litigant in such cases rests in the sound discretion of the Court. *See, e.g.*, *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). While the Court may request the voluntary assistance of counsel in some circumstances pursuant to 28 U.S.C. § 1915(e)(1), the burden is on the pro se plaintiff to show that the merits of his claims, the nature of the factual issues raised in the claims, his ability to present his claims, and the complexity of the legal issues raised by the claims are such that the plaintiff cannot present his case. *See, e.g.*, *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

Reviewing Urioste's alleged grounds for relief in light of the *Hill* factors, the Court generally concludes that by all appearances, Urioste continues to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). The Court further concludes that this action does not present factual or legal issues of such a complex nature as to warrant appointment of counsel. Urioste has already provided dozens of pages of evidence in support of certain claims (*see, e.g.*, Doc. 55 Exs. 1-7) and has demonstrated an ability to effectively address hundreds of pages of exhibits presented by the NMCD Defendants (*see* Doc. 55) (responding to Docs. 44, 44-1 through 44-5). Additionally, the scope of claims in this action has narrowed considerably following the Court's dismissal of multiple claims and Defendants from this action (*see, e.g.*, Doc. 26); (Doc. 84), and the remaining claims do not appear to be unduly complex. These factors weigh against a grant of Urioste's motion for appointment of counsel.

The Court is not untroubled, however, by Urioste's allegations that his facility is unduly withholding or delaying legal mail. (Doc. 90 at 1). In support of his allegations, Urioste points to a copy of a recent incoming legal mail log that he contends shows that he did not receive the Court's August 3, 2021 Order to Show Cause (Doc. 89) until the September 7, 2021 deadline for responding to that Order. (*See* Doc. 93 at 2); (*see also* Doc. 92) (letter from Urioste requesting that the Court consider this mail log in conjunction with the instant motion). In fact, the log in question does not show that Urioste received legal mail from the Court on September 7; rather, it shows that Urioste received legal mail from *defense counsel* on that date. (*See* Doc. 93 at 2). This means that Plaintiff's unsworn allegations concerning delayed receipt of orders from this Court remain unsupported by evidence. Still, the docket reflects that the last document that Defendants filed in this case prior to September 7 was a status report entered on August 2, 2021. (*See* Doc.

87). The prospect that Urioste may not have received that document from defense counsel until September 7 does suggest—if not establish—that Urioste may be seeing significant delays in the receipt of his legal mail.[1]

Because these circumstances ultimately do not overcome the Court's analysis of the *Hill* factors, the Court concludes that the better course of action is to deny Urioste's motion for appointment of counsel without prejudice and to instead enter a contemporaneous order allowing Urioste additional time to respond to the most recent Order to Show Cause (Doc. 89). The Court may revisit its denial of the instant motion in the event that Plaintiff provides evidence of continued, significant delays in receiving legal mail pertaining to this case that are not adequately explained by Defendants.

**IT IS THEREFORE ORDERED** that Urioste's Motion for Appointment of Counsel (Doc. 90) is **DENIED**.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The fact that Urioste received legal mail from defense counsel on September 7, 2021 does not by itself establish a delay as to the delivery of any Court filings, since it is not established that the document he received was a filing in this case. Therefore, the Court makes no findings on this issue at present.