IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA URIOSTE,

      Plaintiff,

vs.                                      No. 1:16-CV-00755-JCH-KRS

CORIZON AND CENTURION
HEALTH CARE PROVIDERS, et al.,

      Defendants.

## ORDER FOR SECOND *MARTINEZ* REPORT

THIS MATTER comes before the Court *sua sponte*. The Court has previously completed its screening function and determined that Plaintiff's Amended Complaint stated a claim for relief under 42 U.S.C. § 1983 arising from the alleged denial of medical care. (*See, e.g.*, Doc. 26)[1]; (Doc. 30). At this time, all remaining Defendants have entered the case except for "Medical Defendants" Jose Martinez, M.D. and Ben Martinez, P.A., and Plaintiff has failed to timely show cause as to why the Medical Defendants should not be dismissed from this action for lack of service. (*See* Doc. 89). Further, the Court has already narrowed the scope of § 1983 claims remaining against most Defendants other than Gary Maciel and FNU Cordova (*see* Doc. 84), and Maciel and Cordova have now entered the action through the filing of an answer to Plaintiff's operative pleading (Doc. 91). The Court also observes that Defendants did not directly address defenses toward any official-capacity claims in their previous *Martinez* Report due to a lack of clarity as to whether such claims had been pleaded. (*See* Doc. 73 at 46-47). Plaintiff has now

---

[1] The Court's January 8, 2020 order addressed claims in Plaintiff's first Amended Complaint. (*See* Doc. 26). Although Plaintiff has filed a second Amended Complaint (Doc. 62) since that time, the claims and allegations presented in that pleading are essentially identical to those in the first Amended Complaint, and the Court has largely stricken allegations from the second Amended Complaint to the extent that they were not also present in the first Amended Complaint. (*See* Doc. 84); (*see also* Doc. 73 at 12-14) (addressing permissible and impermissible differences between pleadings).

made clear that he is seeking relief from Defendants in both their individual and official capacities, and certain of those official-capacity claims were not dismissed by operation of the Court's June 25, 2021 Memorandum Opinion and Order. (*See id.*); (*see also* Doc. 84). For these reasons, the Court concludes that a second *Martinez* Report is warranted to address certain claims that remain pending in this action.

In a *pro se* prisoner civil rights case, the Court may order the defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether meritorious claims exist. *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978). The Court may use a *Martinez* Report in a variety of contexts, including to decide motions for summary judgment or to *sua sponte* enter summary judgment. *See Hall v. Bellmon*, 935 F.2d 1106, 1111-12 (10th Cir. 1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). When a *Martinez* Report is used for summary judgment purposes, however, a *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109. To that end, Defendants should submit all materials they consider relevant to Plaintiff's claims and defenses in addition to what the Court orders below. Plaintiff shall do the same in his response.

IT IS, THEREFORE, ORDERED that Defendants file a *Martinez* Report on or before **October 20, 2021** as specified below:

1. Defendants' *Martinez* Report shall be directed towards all allegations and claims against Defendant Gary Maciel in his individual and official capacities; all allegations and claims against Defendant FNU Cordova in his individual and official capacities; and any official capacity claims against the Defendants who filed their answer on September 9, 2021 (*see*

Doc. 91), to the extent that such official-capacity claims have not already been dismissed by earlier order of the Court (*see, e.g.*, Doc. 84) (adopting Doc. 73).

2. Defendants' *Martinez Report* must address in a written brief said allegations and claims against the specified Defendants as well as any defenses the specified Defendants wish to pursue. Defendants shall also include as attachments any affidavits or documents relevant to any allegation or defense. The submission of documents without a brief is not compliance with this Order.

3. Allegations and defenses must be supported by factual assertions in the brief, which, in turn, must be supported by proof, such as affidavits or documents that are to be included as attachments.

4. The brief must also state whether policies or regulations pertaining to Plaintiff's allegations exist, and, if so, the relevant policies or regulations must also be included as attachments.

5. Copies of all affidavits and documents included as attachments should be arranged in a logical order and be Bates-stamped or otherwise be clearly serially marked. Defendants must also provide affidavits to properly authenticate submitted documents.

6. The Court is aware that materials contained in Defendants' files may be sensitive and that there may be valid reasons for restricting access to such information. Defendants may move to seal confidential portions of documents submitted with the *Martinez* Report and provide a redacted version of the Report to Plaintiff. If Defendants seek to seal or redact any portion of their Report, they must file a motion to seal at least fourteen (14) days before the *Martinez* Report deadline. The motion shall describe with specificity the type of documents Defendants wish to seal and shall assert the reasons for nondisclosure.

7. Should Defendants choose to file a motion for summary judgment concurrently with their *Martinez* Report, that motion shall be filed separate and apart from the Report and must comply with the applicable federal and local rules of procedure, with the following caveat: rather than file attachments to a motion for summary judgment in support of the factual assertions therein, Defendants shall instead cite to the *Martinez* Report. The Report itself, however, need not adhere to the page limitation on exhibits concerning motions for summary judgment set forth in the Local Rules. Defendants must provide citations supporting their assertions with specificity. At the very least, Defendants should direct Plaintiff and the Court to the specific page or pages supporting an assertion.

IT IS FURTHER ORDERED that Plaintiff shall file his response to the facts contained within Defendants' *Martinez* Report on or before **November 22, 2021**. If Defendants file a motion for summary judgment, Plaintiff must file a separate response within thirty days. Defendants shall file their reply, if any, to a motion for summary judgment within fourteen days of Plaintiff's response. Defendants need not file a reply to Plaintiff's Response to the *Martinez* Report.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**