IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA URIOSTE,

    Plaintiff,

vs.                                            No. 1:16-CV-00755-JCH-KRS

CORIZON AND CENTURION
HEALTH CARE PROVIDERS, et al.,

    Defendants.

## **ORDER**

        THIS MATTER is before the Court *sua sponte*. The Court has been engaged for some time now in efforts to ensure that proper service has been perfected on all Defendants to this action. Among those Defendants is FNU Cordova, a one-time employee of the New Mexico Corrections Department (NMCD). (*See, e.g.*, Doc. 69) (order directing NMCD counsel to submit any known address for Cordova for purposes of service); (Doc. 85) (clerk's minutes for status conference addressing, *inter alia*, need for service upon Cordova); (Doc. 86) (order directing NMCD counsel to provide identity and last known address for Cordova). In its last order on the subject, the Court noted that NMCD counsel could elect to accept service on behalf of Defendant Cordova "if defense counsel will be representing" him. (*See* Doc. 86 at 2).

        Counsel for NMCD subsequently submitted a status report stating that he would "accept service on behalf of Defendant FNU Andrew Cordova." (Doc. 87 at 2). The Court understood this statement to mean that Defendant Cordova had authorized counsel to represent him *and* that Defendant Cordova had authorized counsel to accept service on his behalf. However, in addressing claims against Cordova in their Second *Martinez* Report filed on November 22, 2021, the NMCD Defendants through counsel stated as follows:

> Upon information and belief, Defendant FNU Cordova is former C/O Andrew Cordova who is no longer an NMCD employee and therefor unavailable to execute an affidavit for the purposes of this Second *Martinez* report.

(Doc. 104 at 14); (*see also id.* at 26) (same).

The NMCD Defendants' statement that they only understand Defendant Cordova to be Andrew Cordova "upon information and belief," along with the statement that Andrew Cordova has not been available to execute an affidavit concern the subject matter of this action, leaves the Court concerned that defense counsel may not yet have been in contact with Defendant Cordova. This, in turn, leads the Court to worry that counsel may not be fully authorized to represent Cordova's interests in this proceeding, which at the very least suggests that counsel may not have been authorized to accept service of process on Cordova's behalf.

Service may be made on a party's designated agent, which may include the party's attorney, if that agent has been authorized by appointment to receive service. *See* FED. R. CIV. P. 4(e)(2). "Service of process is not effectual on an attorney solely by reason of his capacity as an attorney, [but] the party must have appointed [the] attorney as his agent for service of process." *Williams v. Jones*, 11 F.3d 247, 251 (1st Cir. 1993) (quotation omitted); *see also United States v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1313 (10th Cir. 1994) (quoting *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990)) ("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective . . . ."). The key question is whether the [party] has expressly or impliedly granted the attorney authorization to accept service. *See In re Focus Media, Inc.*, 387 F.3d 1077, 1083 (9th Cir. 2004) (citation omitted); *United States v. Bosurgi*, 343 F. Supp. 815, 817 (S.D.N.Y. 1972). If an attorney has not been explicitly authorized by a party to accept service, implied authorization is determined "from all the circumstances accompanying the attorney's appointment which indicate the extent of authority the [party] intended to confer." *In re Focus Media*, 387 F.3d at 1083 (quotation

omitted). Alternatively, an agent may be authorized by law to accept service on behalf of a party. *See* FED. R. CIV. P. 4(e)(2).

The Court does not doubt that NMCD Defendants' counsel is authorized to represent Defendant Cordova (and accept service on his behalf) in his official capacity, since it appears that counsel is authorized to represent NMCD itself in this proceeding. *Cf., e.g.*, *Johnson v. Bd. of Cnty. Comm'rs*, 85 F.3d 489, 493 (10th Cir. 1996) ("An official capacity suit is only another way of pleading an action against an entity of which an officer is an agent."). But an attorney's status as an agent of a party's employer is normally not sufficient to establish that he has been authorized to serve as an agent or representative of the employee in his individual capacity. *See, e.g.*, *Shaw v. 500516 N.B. Ltd.*, No. CV-09-264-B-W, 2009 WL 2184953, at *2 (D. Me. July 21, 2009). Because this is the case, and given the indications of counsel's apparent lack of contact with Defendant Cordova, additional assurances are needed from defense counsel so as to confirm that service has been properly effected and that counsel is authorized to defend Defendant Cordova against the individual-capacity claims asserted against him.

Accordingly, within **ten (10) days** of the entry of this Order, defense counsel shall file a Notice with the Court affirmatively stating whether: (1) Defendant Cordova has expressly authorized counsel to represent him in his individual capacity in this action, and to accept service of process for him in that capacity; (2) Defendant Cordova has impliedly authorized counsel to so act; (3) counsel was authorized by law to accept service on behalf of Defendant Cordova in his individual capacity; or (4) counsel was authorized only to accept service on behalf of Defendant Cordova in his official capacity in this action. If counsel states that he was impliedly authorized to accept service on behalf of Defendant Cordova in his individual capacity, counsel will bring to the Court's attention, either in the Notice or in a submission to chambers, "the

circumstances accompanying the attorney's appointment which indicate the extent of authority the [party] intended to confer." *See In re Focus Media*, 387 F.3d at 1083. If counsel contends that he was authorized by law to accept service on Defendant Cordova's behalf, he will cite to relevant legal authorities supporting this contention.

    **IT IS SO ORDERED.**

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**

4