IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA URIOSTE,

      Plaintiff,

vs.                                          No. 1:16-CV-00755-JCH-KRS

CORIZON AND CENTURION
HEALTH CARE PROVIDERS, et al.,

      Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon the Second *Martinez* report filed on November 22, 2021 by Defendants German Franco, Clarence Olivas, Michelle Boyer, Roger Trujillo, Kyle Perez, Augustine Palomino, FNU Cordova, and Gary Maciel (the "NMCD Defendants") (Doc. 104), and upon the Order to Show Cause entered on August 3, 2021 (Doc. 89). In accordance with 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Kevin R. Sweazea, who entered Proposed Findings of Fact and [a] Recommended Disposition ("PFRD") (Doc. 108) on March 23, 2022. As detailed in the PFRD, Judge Sweazea recommended that the Court grant summary judgment to the NMCD Defendants as to all remaining official-capacity claims against them in this action, grant summary judgment to Defendants Maciel and Cordova[1] as to all claims against them in their individual capacities, and

---

[1] Judge Sweazea recently raised concerns as to defense counsel's authorization to represent, and accept service of process on behalf of, Defendant Cordova in his individual capacity. (*See* Doc. 108 at n.1); (Doc. 109); *see also, e.g.*, *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319 (1927) ("[T]he trial court . . . has power, at any stage of the case, to require an attorney, one of its officers, to show his authority to appear."). In response, defense counsel stated that Defendant Cordova impliedly authorized counsel to accept service of process on his behalf and, later, expressly authorized him to do so. (*See* Doc. 112). Based on counsel's representations, the Court understands that Defendant Cordova has at the very least ratified defense counsel's acceptance of service on his behalf and counsel's subsequent representation of him in these proceedings. *Cf., e.g.*, *SEI Corp. v. Norton & Co.*, 631 F. Supp. 497, 501-03 (E.D. Pa. 1986) (holding that while attorney initially acted without authorization on behalf of defendant, party was estopped from denying ratification of unauthorized attorney's acts when he learned about those acts and his authorized

dismiss without prejudice all claims against Defendants Jose Martinez, M.D., and Ben Martinez, P.A. (*See id.*). Judge Sweazea also notified the parties of their right to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C). (*See id.* at 44). Neither party objected to the PFRD, and the deadline for doing so expired on April 11, 2022. Having reviewed the record, the Court determines that it will adopt the PFRD in its entirety.

The Court understands that certain retaliation claims brought by Plaintiff Joshua Urioste against Defendant Palomino will remain pending upon adoption of Judge Sweazea's PFRD. (*See, e.g.*, Doc. 108 at 43); (*see also* Doc. 73 at 35-41) (analyzing pending claims against Defendant Palomino). Pursuant to the Court's Order of Reference (Doc. 19), Judge Sweazea is authorized to move forward with any necessary proceedings, including hearings if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of those claims.

**IT IS, THEREFORE, ORDERED** that:

1) the Magistrate Judge's Proposed Findings of Fact and Recommended Disposition (Doc. 73) is hereby ADOPTED;

2) summary judgment is GRANTED to the moving Defendants as to Urioste's claims against Defendants Maciel and Cordova in their individual capacities;

3) summary judgment is GRANTED to the moving Defendants as to Urioste's remaining claims against them in their official capacities; and

4) all claims against Defendants Jose Martinez, M.D., and Ben Martinez, P.A., are DISMISSED WITHOUT PREJUDICE.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

counsel failed to quickly repudiate them). On this understanding, the Court determines that it is proper to proceed with consideration of Judge Sweazea's recommendations as to Plaintiff's claims against Defendant Cordova.