IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA URIOSTE,

    Plaintiff,

vs.                                                                                                    No. 1:16-CV-755 JCH/KRS

CORIZON AND CENTURION
HEALTH CARE PROVIDERS, et al.,

    Defendants.

## ORDER SETTING SETTLEMENT CONFERENCE

The presiding judge has referred the remaining claims in this case to the undersigned to conduct any necessary proceedings to recommend to the Court an ultimate disposition of the claims. (Doc. 114). These remaining claims are that Defendant Palomino retaliated against Plaintiff in violation of Plaintiff's Eighth Amendment rights in two ways: (1) by calling Plaintiff a "rat" on June 14, 2016 in front of other prisoners due to Plaintiff filing a grievance against Defendant Palomino; and (2) by spraying mace in Plaintiff's cell on April 20, 2016 in response to Plaintiff requesting medical attention. See (Doc. 73) at 34-41. To facilitate a final disposition of this case, the Court will conduct a settlement conference in accordance with D.N.M.LR-Civ. 16.2. **IT IS THEREFORE ORDERED** that:

Plaintiff and counsel for Defendants shall appear for a settlement conference by Zoom on **July 14, 2022** at **9:00 a.m.** The Court will send out invitations for the Zoom proceedings approximately one week before the settlement conference. The United States Marshal shall coordinate with the appropriate personnel in the correctional facility in which Plaintiff is currently housed to allow Plaintiff to appear by Zoom at this settlement conference. The settlement conference is anticipated to last no more than 3 hours.

At the settlement conference, an insured party or an uninsured corporate party shall appear by a representative with full and final authority to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state).  *See* D.N.M.LR-Civ. 16.2(c).  A party's personal presence increases the efficiency and effectiveness of the process by reducing the time for communication of offers and expanding the ability to explore options for settlement.  A party's request to be excused must be made in writing seven (7) calendar days before the conference.  *See* D.N.M.LR-Civ. 16.2(d).

**On or before June 20, 2022**, Plaintiff shall send the Court a concise letter (typically no more than five (5) pages) that includes the following information: (a) a brief summary of the facts and evidence that may establish liability for the remaining claims; (b) a brief explanation of why damages or other relief appropriately would be granted at trial; (c) an itemization of any claimed damages, including any special damages—i.e., damages for pecuniary losses, such as past medical expenses, lost wages, or property damages—that states the exact dollar amount Plaintiff is claiming for each category; and (d) a settlement demand.  The Court will provide a copy of this letter to counsel for Defendants.

**On or before July 6, 2022**, defense counsel shall send the Court a concise letter (typically no more than five (5) pages) that sets forth at least the following information: (a) a brief  summary of the facts and analysis of the applicable law and evidentiary issues; (b) any points in Plaintiff's letter with which the defense agrees; (c) any points in Plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; (d) a settlement offer; and (e) the names of the individuals who will be attending the conference and in what capacity.

All matters communicated to the Court in the letters will not be disclosed to the trial judge.  Once the Court reads the letters provided, it may speak with the parties *ex-parte* if the Court needs additional information to assist in facilitating settlement.  These letters shall be submitted to the Court by e-mail to sweazeaproposedtext@nmd.uscourts.gov, or, alternatively, by facsimile (575) 528-1695, or by mail, as long as the materials arrive by the above deadlines.

At the settlement conference, all of the settlement conference participants will first meet together to discuss procedures for the settlement conference.  The parties will not be required or permitted to give opening statements during the initial meeting with the Court and the other settlement conference participants.  Upon the conclusion of the initial meeting, separate, confidential caucuses will be held by the Court with each party and the party's representative.  Counsel and parties should be prepared to discuss the factual and legal details of their cases.  Attached is an outline for counsel to review with their clients before the settlement conference to make the best use of the time allotted.

**IN SUMMARY:**

Plaintiff's letter due to the Court:			**June 20, 2022**

Defendants' letter due to the Court:			**July 6, 202**

Settlement Conference:				**July 14, 2022 at 9:00 a.m.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

### SETTLEMENT CONFERENCE PREPARATION

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be more efficient and productive if all parties and counsel are prepared. The following are some areas to consider to aid in the effectiveness of this settlement conference.

**A.    FORMAT**

1. Parties with ultimate settlement authority must be personally present.

2. The Court will privately caucus with each side in a typical mediation format. The judge may address your client directly.

3. Although the Court will typically meet with both sides in the courtroom together to go over ground rules at the beginning of the conference, **there will be no opening statements or other discussions of the merits of any party's claims or defenses during that initial meeting.**

**B.    ISSUES**

1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weakness of each issue? What is your most persuasive argument?

2. What remedies are available resulting from this litigation or otherwise?

3. Is there any ancillary litigation pending/planned that affects the value of the case?

4. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

5. Do attorney's fees or other expenses affect settlement? Have you communicated any lack of information to the opposing side?

**C.    AUTHORITY**

1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do you need to include a representative of the lien holder? If so, contact the Court immediately.

2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects the settlement value, have you notified the other side? Do you need to include a representative from more than one insurance company/carrier? If so, notify the Court immediately.

D.  **NEGOTIATIONS**

    1.  Where have your last discussions ended?

    2.  Can you have any discussions before the settlement conference to make it proceed more efficiently?

    3.  With what value do you want to end? Why? Have you discussed this valuation with your client? Is it significantly different from values you have placed on this case at other times?

    4.  Is there confidential information that affects case value? Why should it not be disclosed? How can the other side be persuaded to change values if that party doesn't have this information?

    5.  What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

E.  **CLOSING**

    1.  If settlement is reached, do you want it on the record?

    2.  Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, and Rule 68 offers to compromise?

    3.  How soon could checks/closing documents be received?

    4.  If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want Court involvement in these talks?

    5.  If settlement is not reached, please be prepared to discuss settlement again at the Final Pretrial Conference.